**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

**EVANSVILLE DIVISION**

**FILED**

**12/06/2024**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

ANTHONY L. SMITH, pro se, *Plaintiff*,

v.

JOHN DOE #1 ("BRIAN" STAFF ON DUTY), sued in individual and official capacity, JOHN DOE #2 ("SHANE" MANAGEMENT), sued in individual and official capacity, and UNITED CARING SERVICES, *Defendants*.

CIVIL ACTION NO. 3:24-cv-00235-RLY-CSW

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS - 42 U.S.C. § 1983**

**PRELIMINARY STATEMENT**

1. Plaintiff, a recovering individual maintaining two years of sobriety, brings this critical civil rights action pursuant to 42 U.S.C. § 1983 to expose and remedy systematic constitutional violations within a homeless shelter that consistently and deliberately undermines residents' fundamental human rights.

2. This complaint reveals a pattern of administrative misconduct characterized by:
   - Punitive and dehumanizing bathroom access policies
   - Absence of basic grievance mechanisms
   - Dangerous environmental conditions tolerating illegal drug use
   - Consistent disregard for residents' dignity and safety

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as Plaintiff seeks redress for systemic violations of constitutional rights.

4. Venue is proper in this district where the challenged actions occurred.

**PARTIES**

5. Plaintiff is an adult resident of Evansville, IN., currently residing in Defendants' homeless shelter, who has maintained two years of continuous sobriety and is committed to personal rehabilitation.

6. Defendant John Doe #1 "Brian" is a staff member responsible for operating the homeless shelter, with legal obligations to maintain safe, humane living conditions.

**FACTUAL ALLEGATIONS: SYSTEMATIC INSTITUTIONAL FAILURES**

**Bathroom Access Violation**

7. On December 5, 2024, Plaintiff was residing in a **50-person** open dormitory on the shelter's second floor.

8. The shelter enforces a policy of locking residents in the dormitory between 7:00 PM and 7:00 AM, preventing access to other building areas or egress, with the exception of smoke breaks and curfew until 10 pm.

9. Following an incident involving human feces in the communal shower area, shelter administration implemented a punitive bathroom access policy.

10. This policy required residents to request bathroom access from Defendant Brian a staff member, who would then unlock the bathroom and permit only two residents entry at a time.

11. On December 6, 2024, at approximately 2:00 AM, Plaintiff awoke needing to use the bathroom urgently and found the bathroom locked and was unable to gain entry. He went to the staff office seeking the Defendant Brian to unlock the bathroom only to discover the staff office empty.

12. As a direct result of this policy and staff unavailability, Plaintiff was forced to urinate on himself while waiting for bathroom access.

**Audio-Documented Evidence**

13. In a subsequent direct conversation, with Brian, Plaintiff personally recorded an audio discussion wherein the Defendant, Brian:

    o   Explicitly admitted to implementing the restrictive bathroom access policy

    o   Revealed the Defendant, Shane's, directive mandating such policy

    o   Acknowledged the potential dehumanizing impact on residents

**Additional Systemic Safety Concerns**

14. On December 4, 2024, Plaintiff directly observed an individual injecting what he believes were illegal drugs into himself in the first-floor bathroom, highlighting:

    o   Severe lack of security protocols

- Inadequate supervision
- Potential endangerment of residents' safety

15. The shelter population predominantly consists of individuals struggling with:

- Substance use disorders
- Mental health challenges
- Economic vulnerabilities

16. Despite these complex resident needs, the shelter conspicuously lacks:

- A formal grievance mechanism
- Clear communication of resident rights
- Basic accountability structures

**CONSTITUTIONAL VIOLATIONS**

17. Defendants' actions constitute:

- Deliberate indifference to residents' basic human dignity
- Violations of Eighth and Fourteenth Amendment protections
- Implementation of policies shocking to the conscience of a reasonable person

18. The bathroom access policy represents:

- An unreasonable and punitive restriction
- A violation of due process
- Cruel and unusual treatment failing minimal human decency standards

**DAMAGES**

19. As a direct result of Defendants' actions, Plaintiff has suffered:

- Severe emotional distress
- Profound humiliation
- Loss of personal dignity
- Physical discomfort
- Forced regression of personal rehabilitation efforts
- Exposure to dangerous, uncontrolled environments

20. Plaintiff seeks:

- o Compensatory damages of $100,000 to address comprehensive psychological and physical harm
- o Punitive damages of $400,000 to deter future systemic misconduct
- o Institutional reform mandating basic human rights protections

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Award $100,000 in compensatory damages B. Award $400,000 in punitive damages C. Issue comprehensive declaratory and injunctive relief requiring:

- Establishment of clear, humane resident policies
- Implementation of a formal grievance mechanism
- Enhanced security and safety protocols
- Mandatory staff training on resident rights D. Compel production of all shelter policy documents E. Admit the audio recording as evidence F. Award reasonable attorneys' fees and costs G. Grant such additional relief as the Court deems just and proper

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

Anthony L. Smith, pro se, Plaintiff

324 NW 6th Street, Evansville, IN., 47708

(502) 770-7032

anthonylovelle02@gmail.com

Dated: 12/06/2024


Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. A. For Parties Without an Attorney I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

Anthony L. Smith, pro se,
324 NW 6th St.
Evansville, IN, 47708

12/06/2024